UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**AMANDA L. HAIR,**

    **Plaintiff,**

**v.**                                                    Case No: 5:24-cv-39-MMH-PRL

**EQUIFAX INFORMATION
SERVICES, LLC and NATIONAL
CONSUMER TELECOM &
UTILITIES EXCHANGE, INC.,**

    **Defendants.**

## ORDER

This cause comes before the Court on the parties' Joint Motion to Stay Remaining Pretrial Deadlines Pending Ruling on Defendants' Motions for Summary Judgment. (Doc. 58). The parties request that the Court stay the remaining pretrial deadlines pending resolution of Defendants' motions for summary judgment (Docs. 43 & 44). (Doc. 58 at pp. 1-3). Upon consideration, the Court will deny the parties' joint motion to stay the remaining pretrial deadlines, but amend the remaining case management dates and deadlines for good cause.

**I.    BACKGROUND**

Plaintiff initiated this action on January 26, 2024, alleging that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (*See generally* Doc. 1). Subsequently, on February 21, 2025, Defendants filed motions for summary judgment (Docs. 43 & 44), which are pending with the Court, and scheduled to be heard on July 23, 2025 (Doc. 57). In accordance with the Court's April 8, 2025 Order, all pretrial motions (including motions in limine) are due to be filed on or before July 28, 2025; the pretrial statement must be filed on

or before August 11, 2025; the parties must prepare for the final pretrial conference, which is currently scheduled for August 18, 2025; and the trial of this matter is set on the Court's September 2025 trial term, beginning on September 2, 2025. (Doc. 52).

The parties now jointly move to stay the remaining pretrial deadlines pending resolution of Defendants' motions for summary judgment. (Doc. 58). The parties contend that granting a stay is appropriate because "it will promote an efficient resolution of this matter while minimizing unnecessary burdens on the [p]arties." (*Id*. at p. 3). They assert that the Court's ruling on the pending motions for summary judgment will significantly affect the drafting of any forthcoming pretrial motions and the pretrial statement, and the preparation for trial. (*Id*. at p. 2).

## II. LEGAL STANDARDS

At the outset, it is important to note that district courts have broad discretion in managing their cases, including "stay[ing] proceedings as an incident to its power to control its own docket." *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Landis*, 299 U.S. at 254 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort itself, for counsel, and for litigants."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") (citations omitted); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.") (citation omitted). In general, "staying a matter is an extraordinary measure that should only be employed to further the ends of justice[,]" and when there are any doubts

about staying a proceeding, a "district court should resolve [those] doubts against issuing a stay." *See Elkins v. AbbVie, Inc.*, No. 6:20-cv-1562-PGB-LRH, 2021 WL 9511264, at *1 (M.D. Fla. Aug. 25, 2021) (citing *Bank of Am., N.A. v. Sullivan*, No. 8:13-cv-385-T-17EAJ, 2013 WL 2285079, at *1-2 (M.D. Fla. May 23, 2013)).[1]

In determining whether to stay case management deadlines, courts consider several factors, such as (1) the "potential impact on judicial economy"; (2) whether there is a "risk of irreparable harm to any party" if a stay were not granted; and (3) "whether there is a clear and substantial reason to grant a stay." *See Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-cv-232-FTM-38MRM, 2017 WL 11474041, at *1 (M.D. Fla. May 9, 2017) (considering such factors in determining whether to stay the case pending resolution of a motion for summary judgment) (citing *Quest NetTech Corp. v. Tropical Smoothie Franchise Dev. Corp.*, 8:11-cv-02102-EAK, 2012 WL 5503533, at *2 (M.D. Fla. Nov. 13, 2012)); *Quest NetTech Corp.*, WL 5503533, at *6 (denying motion to stay). Courts have explained that "[t]he practical effect of granting a stay is the modification of the district court's scheduling order as its case management deadlines are put on pause." *See Elkins*, 2021 WL 9511264, at *1 (M.D. Fla. Aug. 25, 2021).

As a result, the request to stay deadlines is subject to Rule 16, which governs the scheduling and management of cases. *See generally* Fed. R. Civ. P. 16. This rule requires a showing of good cause for modification of a court's scheduling order. *See* Fed. R. Civ. P.

---

[1] Although the parties do not request a stay of discovery in their joint motion, as discovery closed on January 17, 2025 (Doc. 38), the Middle District Discovery handbook provides the Court with general guidance on motions to stay pending resolution of a motion for summary judgment. *See generally* Middle District Discovery (2021) at Section I.E.4 ("Normally, the pendency of . . . a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motions. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.").

16(b)(4); *see also In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (noting that "good cause" is hard to define but "generally signifies a sound basis or legitimate need to take judicial action" after balancing the interests). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] [o]rder's requirements." *Strubel v. Hartford Ins. Co. of the Midwest*, No. 8:09-CV-1858-T-17TBM, 2010 WL 11507711, at *1 (M.D. Fla. June 18, 2010) (citation omitted); *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-ORL-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010) (indicating that "[t]he diligence of the moving party should be considered in determining whether there is good cause" to modify a court's scheduling order) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

### III.  DISCUSSION

As previously stated, the Court enjoys broad discretion to stay proceedings and manage pretrial activities, including scheduling. *See Clinton*, 520 U.S. at 706; *Johnson*, 263 F.3d at 1269. In this instance, the Court is not persuaded that the circumstances presented in this case necessitate the "extraordinary measure" of staying the remaining pretrial deadlines pending resolution of the Defendants' motions for summary judgment. While a stay may preserve judicial economy, this district generally does not have a practice of staying case management deadlines pending the outcome of motions, dispositive or otherwise. *See Elkins*, 2021 WL 9511264, at *1 (denying motion to stay case deadlines because plaintiff did not demonstrate that a stay was warranted to stay any deadline); *see also* Middle District Discovery (2021) at Section I.E.4. Additionally, the parties have not presented any facts or evidence demonstrating that a lack of stay would produce irreparable harm or otherwise show that there is a clear and substantial reason to stay the remaining pretrial deadlines indefinitely.

- 5 -

Instead, the parties, without providing any explanation, generally assert that a stay of such deadlines would "promote an efficient resolution of this matter" and "minimiz[e] unnecessary burdens." (Doc. 58 at p. 3). The parties do not specify what unnecessary burdens they would save if a stay were granted. Because the parties have failed to establish that the extraordinary measure of a stay is warranted at this juncture in this case, their request to stay the remaining pretrial deadlines is denied.

However, given that there has been a joint effort to request such relief, and it does not appear to be the parties' intent to further delay the trial, which is currently set on the September 2025 trial term (Doc. 52), the Court finds good cause to amend the remaining case management dates and deadlines. In light of the procedural posture of this case, and in order to allow sufficient opportunity for the Court to rule on any pretrial motions that may be filed, the Court deems it appropriate and necessary to continue the deadlines for filing all other pretrial motions (including motions in limine) and the joint final pretrial statement, as well as the dates for the final pretrial conference and trial in this matter.

- 6 -

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Joint Motion to Stay Remaining Pretrial Deadlines Pending Ruling on Defendants' Motions for Summary Judgment (Doc. 58) is **DENIED**.

(2) The remaining case management dates and deadlines are amended as follows:

| | |
|---|---|
| Deadline for filing all other motions including motions in limine. | NOVEMBER 24, 2025 |
| Deadline for filing the joint final pretrial statement. | DECEMBER 8, 2025 |
| Date and time of the final pretrial conference. | DECEMBER 15, 2025 10:00 AM |
| Trial Terms Begins | JANUARY 5, 2026 9:00 AM |
| Estimated Length of Trial | 4 DAYS |
| Jury/Non-Jury | JURY |

**DONE** and **ORDERED** in Ocala, Florida on July 7, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties